**IT IS ORDERED as set forth below:**



**Date: April 18, 2024**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge
Signed as Revised by the Court**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| In re: | Chapter 11 |
| --- | --- |
| DIGITALXMEDIA, LLC, | Subchapter V |
|  | Case No. 23-53526-PMB |
| Debtor. |  |

**ORDER CONFIRMING PLAN**

On December 14, 2023, digitalXmedia, LLC ("**Debtor**") filed its "*Amended Plan of Reorganization*" [Doc. No. 59] (the "**Plan**"). On March 11, 2024, this matter came before the Court to consider confirmation of the Plan (the "**Confirmation Hearing**").

On February 6, 2024, the Court entered an "*Order and Notice Rescheduling Hearing on Confirmation of Plan*" [Doc. No. 66] (the "**Solicitation Order**").

1

At the Confirmation Hearing, Caitlyn Powers appeared on behalf of Debtor; Gary Murphey appeared as the Subchapter V Trustee; and Thomas W. Dworschak appeared on behalf of the United States Trustee.

The Court has taken judicial notice of the entire record in this case, including all proofs of claim filed by creditors. After considering the entire record at the Confirmation Hearing, including, but not limited to, the Plan, Debtor's Ballot Report (defined below), the arguments of counsel and the evidence proffered at the Confirmation Hearing, the Court has determined as follows:

(a) Debtor timely and properly (i) filed the Plan; (ii) solicited acceptance of the Plan; and (iii) provided due notice of the Confirmation Hearing (the "**Notice**") to (a) all holders of Claims against Debtor; and (b) all parties-in-interest in this case, all in compliance with the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Code**"), the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia, and the Solicitation Order;

(b) On March 11, 2024, Debtor filed the Ballot Certification and Summary of the Voting on Debtor's Plan (the "**Ballot Report**") [Doc. No. 71] describing the results of the voting with respect to the Plan;

(c) The Notice that Debtor has provided regarding the Confirmation Hearing, and the opportunity for any party-in-interest to object to confirmation of the Plan, was adequate and appropriate, and no further notice is required;

(d) The legal and factual basis set forth at the Confirmation Hearing, as well as the entire record in this Case, establish just cause for the relief granted at the Confirmation Hearing;

(e) After due deliberation, for good and sufficient cause shown, and based upon i) the Court's acceptance of the unopposed proffer of testimony and evidence by Debtor at the

2

Confirmation Hearing; and ii) the entire record in this case, the Plan should be confirmed. The Court makes the following determinations regarding the Plan, which shall stand as findings of fact or conclusions of law, as appropriate:

1) This Court has jurisdiction over this Chapter 11 Case, and confirmation of the Plan, pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), and the Court has jurisdiction to enter a Final Order with respect thereto.

2) Debtor is eligible to be a debtor under § 109 of the Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182.

3) Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4) Following the entry of the Solicitation Order, and in compliance with the Code and the Federal Rules of Bankruptcy Procedure, Debtor effectuated filing and service of the Solicitation Order on all Creditors, holders of Claims, and parties-in-interest, including i) the Notice of the Confirmation Hearing and relevant deadlines; and ii) a ballot for voting on the Plan (collectively the "**Solicitation Materials**").

5) As described in the Solicitation Order entered on February 6, 2024 and the Certificate of Service for same filed on February 6, 2024 [Doc. Nos. 66 and 67], i) service of the Solicitation Materials was adequate and sufficient under the circumstances; and ii) adequate and sufficient notice of the Confirmation Hearing and the other requirements, deadlines, hearings, and matters described in the Solicitation Order (a) was timely and properly provided; and (b) provided adequate due process and opportunity to appear and be heard to all parties-in-interest. Because the foregoing transmittals, notice and service were adequate and sufficient, and no other or further notice is necessary or shall be required.

6) Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith, and in compliance with applicable provisions of the Code, and are entitled to the protections afforded by § 1125(e) of the Code.

7) Debtor, as the proponent of the Plan, has met its burden of proving the elements of § 1191(b) of the Code, and has established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan satisfies the requirements of § 1191(b) of the Code.

8) The Plan's provisions are appropriate and consistent with the applicable provisions of the Code, including, without limitation, the treatment of priority claims and secured claims.

Accordingly, it is hereby

**ORDERED** that the foregoing determinations are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further,

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. § 1191(b). All provisions of the Plan shall bind Debtor, entities receiving property under the Plan, and creditors, whether or not the claims of such creditors are impaired under the Plan, and whether or not such creditors have accepted the Plan. It is further,

**ORDERED** that Debtor, rather than the Subchapter V Trustee, shall be the disbursing agent under the Plan. It is further,

**ORDERED** that Gary Murphey shall be discharged from his obligations and duties as the Subchapter V Trustee in this case pursuant to 11 U.S.C. § 1183(c)(1), upon the filing by Debtor of a notice of substantial consummation of the Plan, as required under 11 U.S.C. § 1183(c)(2). It is further,

**ORDERED** that Debtor shall receive a discharge pursuant to § 1192 of the Code after Debtor files an appropriate motion with the Court, which shall be filed as soon as practicable after completion by Debtor of all plan payments.

**[End of Order]**

Prepared and Presented By:

**ROUNTREE LEITMAN KLEIN& GEER, LLC**

*/s/ Caitlyn Powers*
Will B. Geer, Ga. Bar No. 940493
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Attorneys for the Debtor*

**Distribution List**

Will Geer
ROUNTREE LEITMAN KLEIN & GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303